Clarence **WALKER** and Letha Walker, Individually and as Parents and Next Friends of Mark Walker, Minor Child, Appellants,

v.

Larry **POLLOCK, PH.D.,** Appellee.

No. 01–97–00466–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 16, 1998.

Richard Willie Wilkinson, Houston, for Appellants.

Richard Allen Eckerson, David R. Iler, Houston, for Appellee.

---

Before COHEN, O'CONNOR and ANDELL, JJ.

## OPINION

COHEN, Justice.

The Walkers sued Dr. Larry Pollock for malpractice. The trial judge rendered summary judgment in favor of Pollock. We affirm.

### Facts

On May 25, 1993, Harris County Children's Protective Services (HCCPS) received a complaint that Letha Walker was abusing her son, Mark Walker. Mark was removed from the Walker home and placed in protective custody. The trial judge ordered a neurological examination to be performed on Mark to determine if he had Attention Deficit Disorder. HCCPS hired Dr. Pollock to examine Mark. Dr. Pollock examined Mark on July 6, 1994. Dr. Pollock's report provided in part:

> The results of the current evaluation clearly indicate that [Mark] has Organic Brain Syndrome which is typical of a traumatic brain injury. . . . Based on the results of the present evaluation, great care should be taken in considering the possibility of Mark returning to live with his family. Although Mark loves his family and would like to return to them, he is still suffering severe emotional scars from the physical abuse which he received. In addition, it is quite possible that the Organic Brain Dysfunction which was identified in the present evaluation may have resulted directly from physical abuse he received from his family.

The Walkers requested another examination that concluded Mark did not have Organic Brain Syndrome.

### ANALYSIS

The Walkers assert summary judgment was erroneous. We follow the usual standard of review. TEX.R. CIV. P. 166a(c); *Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995).

In their first point of error, the Walkers assert Pollock was not entitled to immunity under section 261.106 of the Family Code, which provides in part:

> A person acting in good faith who reports or assists in the investigation of a report of alleged child abuse or neglect or who testifies or otherwise participates in a judicial proceeding arising from a report, petition, or investigation of alleged child abuse or neglect is immune from civil or criminal liability that might be incurred or imposed.

TEX. FAM.CODE ANN. § 261.106(a) (Vernon 1996). Here, Mark was removed from his parent's custody because of a report of child abuse. This report was incident to a judicial proceeding to determine whether to return Mark to his parents. Pollock "otherwise participated" in this judicial proceeding by examining Mark pursuant to a court order and reporting to the court. Pollock was, therefore, entitled to immunity. *Id.; see also Bird v. W.C.W.,* 868 S.W.2d 767, 772 (Tex. 1994) ("[I]naccurate diagnosis of child abuse which is communicated in a court proceeding is outweighed by the need to encourage the reporting of child abuse.")

We overrule the first point of error.

In their second point of error, the Walkers assert limitations did not toll the claims of Mark, a minor. Because we have held Pollock was immune from all of the Walkers' claims, we do not reach this issue.

We overrule the second point of error.

We affirm the judgment.